## Edward Walcott vs. Benjamin C. Harris.

*In an action upon a bond, the plaintiff may recover the penalty, with interest due thereon, from the date of the demand.*

This was an action of debt on a bond, in which the defendant was bound to the plaintiff in the penal sum of $5000, to which there was a condition, that whereas the defendant had agreed to convey to the plaintiff one undivided fourteenth part of one undivided half part of all the real and personal estate owned by the Phœnix Company, consisting of factory buildings, machinery, &c., with a proviso that the said estate was not to be conveyed until the profits of the business of said company should be sufficient to pay the debts of said company, at which time the said Walcott, his heirs, executors or assigns, should be at liberty to call for the conveyance aforesaid ; the said condition being performed, the bond to be void, otherwise to be and remain in full force.

The plaintiff, in his pleadings, alleged that the profits on the first of June, 1836, were more than sufficient to pay the debts of the Phœnix Company; and that upon the 1st of January, 1837, the conveyance was demanded and refused.

The Jury returned a verdict that the profits of said business were sufficient to pay the debts in said writing mentioned, and that the plaintiff did demand the conveyance of the premises in said writing mentioned, as the plaintiff hath alleged.

The penalty was demanded June 25th, 1845.

Edward Walcott *vs.* Benjamin C. Harris.

The question submitted to the Court was, whether judgment should be entered, under the statute, for the penal sum expressed in the bond, with interest.

BRADLEY, for the plaintiff. It was decided in *Harris vs. Clapp*, (1 Mass. p. 307,) that interest beyond the penalty of a bond may be recovered in the shape of damages, even against a surety. In the *United States vs. Samuel G. Arnold*, (1 Gallison 348,) and in *The Judge of Probate vs. W. S. Heydock and others*, (8 New-Hampshire 492,) the same principle is asserted. In *Mower and wife vs. Kipp and others*, (6 Paige 88,) the court held the obligor both legally and equitably liable for the whole amount of the principal and interest secured by the condition of the bond, although such amount exceeded the penalty of the bond. At common law the penalty was recoverable with interest from the time of the breach. The reason of the thing is altogether in favor of this rule, and it is not discountenanced by the statute. If you hold to a strict construction of the bond, interest is due from the 1st of June, 1836, and at any rate from the time the conveyance was demanded. (*Carpenter*—Not from the time the conveyance is demanded, but from the time demand is made for the penal sum.) The interest is payable from the time the money is due.

CARPENTER, for the defendant. I rely upon the statute of our own State, and the uniform practice under it. In our own State suits have frequently arisen upon the liabilities of sheriffs and deputy sheriffs, and it has never been supposed that an amount above the penal sum in the bond could be recovered. It is too much to believe that more would not have been recovered if more had

been allowable. The bond fixes the amount that can be recovered. Where a bond is given for a pre-existing debt, no injustice would be done ; but where the bond is one of indemnity, or for the default of the performance of a condition, I do not find that there can be more recovered than the penal sum in the bond. In this case it was understood that the forfeiture was to be $5000, and no more.

The Court held, after advisement, that the judgment must be entered for the penalty, with interest thereon from the time it was demanded.